UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALLEY FRUIT ORCHARDS, LLC and GREEN ACRE FARMS, INC., <br><br> Plaintiffs, <br><br> -vs- <br><br> GLOBAL HORIZONS MANPOWER, INC., MORDECHAI ORIAN, PLATTE RIVER INSURANCE COMPANY and ACCREDITED SURETY AND CASUALTY COMPANY, INC., <br><br> Defendants. | NO.  CV-09-3071-RMP <br><br> ORDER GRANTING DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE AND DENYING DEFENDANTS' MOTION(S) TO DISMISS |

Before the Court for hearing without oral argument are Defendants' Amended Motion to Dismiss Complaint (Ct. Rec. 12)[1] and Defendants' Motion to Take Judicial Notice (Ct. Rec. 14) filed September 4, 2009.  Plaintiffs' response to the Amended Motion to Dismiss Complaint was filed September 15, 2009 (Ct. Rec. 19).  Defendants' Reply on the Motion to Dismiss was filed September 18, 2009 (Ct. Rec. 20).  Plaintiffs did not file any objection to Defendants' Motion to Take Judicial Notice.

---

[1] The original Motion to Dismiss Complaint was filed September 3, 2009, (Ct. Rec. 6) and is still a pending motion that will be terminated when the Amended Motion is resolved by this Order.

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 1

## I. PROCEDURAL HISTORY

Plaintiffs' Complaint was originally filed in Yakima County Superior Court on June 2, 2009. Defendants removed the action to Federal Court on August 5, 2009 (Ct. Rec. 1) based upon diversity jurisdiction. No answer has been filed.

The Complaint asserts that Plaintiffs, Valley Fruit Orchards, LLC and Green Acre Farms, Inc. are growers in Yakima County, Washington [hereinafter referred to as "Growers"]. Defendant Global Horizons Manpower, Inc. and its officer Mordechai Orian are farm labor contractors [hereinafter referred to as "Global"] that provided farm laborers to the Growers under contracts. The Complaint further asserts that Platte River Insurance Company and Accredited Surety and Casualty Company, Inc. issued surety bonds to Global to secure Global's performance during the contract period. The Complaint lists fours causes of action: 1) breach of contract; 2) contribution and indemnity; 3) alter ego; and 4) surety.

The Defendants' Motion to Dismiss asserts that the action is barred by the California statute of limitations and that Defendants have no contractual duty to indemnify Plaintiffs. The Defendants' Motion to Take Judicial Notice requests that the Court take judicial notice of: 1) the contracts between the parties; and 2) judicial records of this Federal District Court.

## II. DISCUSSION

Rule 12(b)(6) Standard. Defendants move to dismiss the Plaintiffs' claims pursuant to the Federal Rule of Civil Procedure 12(b)(6). The Rule provides for dismissal of a cause of action for "failure to state a claim upon which relief can be granted . . . ." Federal Rule of Civil Procedure 12(b)(6) (West 2009). The issue is not whether the plaintiff is likely to succeed on the merits, but only if the complaint is legally sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). The plaintiff's material allegations in the complaint must be accepted as true, and the complaint is construed in the light most favorable to him. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988). A motion

to dismiss is generally disfavored "and doubts should be resolved in favor or the pleader." *Williams v. Gorton,* 529 F.2d 668, 672 (9th Cir. 1976).

Evidence outside of the pleadings is not normally considered in deciding a Rule 12(b)(6) motion. The Rule provides in relevant part:

> [i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (West 2009).

> There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed.R.Evid. 201, a court may take judicial notice of matters of public record.

*Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)(internal quotations, ellipses and citations omitted).

<u>Motion to Take Judicial Notice.</u>  Here, Defendants have filed a Motion to Take Judicial Notice of the contracts between the parties and the public records of this Federal District Court. Defendants provided copies of the contracts between each Grower and Global.[2] The Complaint necessarily relies on the contracts for the breach of contract claims and the Growers did not contest the authenticity of the contracts. The Court shall

---

[2] The contract between Global and Green Acre Farms, Inc, was for the term of February 2, 2004 until November 5, 2004, and was unsigned by Green Acre Farms, Inc. (Ct. Rec. 15-2, Exhibit A). The contract between Global and Valley Fruit Orchards, LLC was for the term of January 1, 2005 until November 1, 2005 (Ct. Rec. 15-3, Exhibit B).

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 3

therefore take judicial notice of the contracts and consider them on this Motion to Dismiss. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)(a court may take judicial notice of facts that are not subject to reasonable dispute). By so doing the Motion to Dismiss is not converted to a summary judgment motion. *Lee,* 250 F.3d at 688.

    Defendants also requested that the Court take judicial notice of the public records of this Federal District Court related to *Perez-Farias v. Global Horizons, Inc., et al.*, CV-05-3061-RHW and *Nasee v. Global Horizons, Inc., et al.*, CV-06-3048-RHW. Defendants provided a copy of a Stipulated Pretrial Order from *Nasee v. Global Horizons, Inc., et al.*, CV-06-3048-RHW (Ct. Rec. 139)[3] and a copy of an Order from *Perez-Farias v. Global Horizons, Inc., et al.*, CV-05-3061-RHW (Ct. Rec. 507).[4] Both cases are cited in the Complaint by the Plaintiffs. Again, the Court shall take judicial notice of the public records and consider the records on this Motion to Dismiss. *See MGIC Indem. Corp v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986). By so doing the Motion to Dismiss is not converted to a summary judgment motion. *Lee,* 250 F.3d at 688.

    <u>Standard for Pleading of Complaint</u>. Defendants originally argued that the Plaintiffs' Complaint was subject to dismissal because the pleading was not in compliance with the California rules. Plaintiffs correctly argued that the Federal Rules of Civil Procedure apply, specifically Rule 8(a). A federal court sitting in diversity applies state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). Thus, the Federal Rules of Civil Procedure will apply in federal court even if the source of subject matter jurisdiction is diversity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

---

[3]  The Stipulated Order is Ct. Rec. 15-4, Exhibit C.

[4]  The Order is Ct. Rec. 20-2, Exhibit A.

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 4

Federal Rule of Civil Procedure 8(a) creates a liberal pleading standard that only requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Federal Rule of Civil Procedure 8(a); *See McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004).   Here, the Complaint contains all of the required elements under this liberal notice pleading standard and is not subject to dismissal on the basis that it failed to satisfy the California pleading requirements.

<u>Statute of Limitations for Plaintiffs Claims</u>.  It is undisputed by the parties that the applicable statute of limitations for a claim of breach of a written contract, as asserted in this case, is four years pursuant to the California Code of Civil Procedure § 337(1).  The Growers filed suit in state court on June 2, 2009.  To be timely filed the cause of action would have had to accrue on or after June 3, 2005.

It is also established by stipulation in another case in this District, that after the Growers contracted with Global to provide laborers for the Growers, the Growers learned in July of 2004 that Global did not have a Farm Labor Contractor License.  In addition, the Growers stipulated that they continued to use Global's services even after learning that Global did not have the license.  Stipulated Pretrial Order, *Nasee v. Global Horizons Manpower, et al.*, CV-06-3048-RHW, filed 9/5/08, Ct. Rec. 139, paragraph 12.

Finally, as noted in the Complaint, on or after June 3, 2005, the Growers learned that the State of Washington alleged that Global had violated the provisions of the Farm Labor Contractor Act [FLCA], WASH. REV. CODE § 19.30 et seq.  Complaint, paragraph 16.

So the issue is whether the Growers' cause of action accrued only when the State alleged the FLCA violations as Plaintiffs suggest, or whether it accrued when the Growers discovered that Global did not have the required Farm Labor Contractor License as Defendants suggest.  If it is the former, then the suit was filed within the statute of limitations.  If it is the later, the suit is time barred.

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 5

Under California law a plaintiff must file suit after the accrual of a cause of action within the applicable statute of limitations. *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 397 (1999). A cause of action accrues when the cause of action is complete with all of its elements. *Id.* The elements for a breach of contract claim "are the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commerical Mortgage Co. v. Reece,* 89 Cal. App.4th 731, 745 (2001). "An exception to the general rule for defining the accrual of a cause of action-indeed, the "most important" one-is the discovery rule." *Norgart,* 21 Cal.4th at 397. "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). The statute of limitations is not tolled by the plaintiff's ignorance of the cause of action. *April Enterprises, Inc. v. KTTV,* 147 Cal. App. 3rd 805, 826 (1983).

Here, it is undisputed that the Growers knew of Global's failure to obtain the License required by the FLCA in July 2004. Thus, the Growers knew of the alleged breach of contract by Global and arguably should have been suspicious of possible harm or damages. Had they examined the FLCA, WASH. REV. CODE § 19.30 et seq., they would have noted the license requirement (WASH. REV. CODE § 10.30.020); that there were criminal and civil penalties for violations of any provisions of the Act ( WASH. REV. CODE § § 19.30.150 and 160) and that any one who knowingly used an unlicensed farm labor contractor, would be jointly and severally liable with the unlicensed farm labor contractor (WASH. REV. CODE § 19.30.200). But, whether the Growers exercised reasonable diligence in making this inquiry and discovering their cause of action presents a question of fact which the Court cannot decide on this Motion to Dismiss. *Cleveland v. Internet Specialties West, Inc.,* 171 Cal. App.4th 24, 31 (2009)("It is plaintiff's burden to show he was not negligent in failing to discover his injury sooner, and whether he exercised

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 6

reasonable diligence is a question of fact for the court or jury to decide. ") (internal quotations omitted).

Defendants' Reply brief sets forth another theory in support of the Motion, in addition to the Growers' knowledge in July 2004 of Global's lack of a license. Defendants correctly note that the Court has determined that Global was an agent of the Growers. CV-05-3061-RHW, Ct. Rec. 507, p. 27, ll. 1-4. Under California agency law knowledge acquired by an agent while acting within the course and scope of his employment is chargeable to his principal. *Mountain Copper Co. v. Welcome Growers Gin Co.*, 197 Cal. App.2d 253, 257 (1961). This is true even if the agent fails to advise the principal of the information. *O'Riordan v. Federal Kemper Life Assur.*, 36 Cal.4th 281, 288 (2005). Thus, the Growers, as the principals, would be imputed to have all the information that Global, their agent, possessed. A factual question still remains however: what knowledge did Global have that can be imputed to the Growers, regarding the potential harm faced by the Growers due to Global's failure to have the license. Global obtained the required FLCA license in October of 2004. Did Global, and therefore the Growers, know that there were criminal and civil penalties for someone operating without a license under FLCA, or that any one who knowingly used an unlicensed farm labor contractor, would be jointly and severally liable with the unlicensed farm labor contractor. These factual questions preclude the Court from dismissing the Complaint based on Defendants' assertion that the breach of contract claim is time barred. The same reasoning applies to the other claims that the Defendants assert are also barred by the California statute of limitations.

Defendants also assert that the contracts between the parties do not provide for indemnification of the Growers by Global and that claim 2 of the Complaint for contribution and indemnification must therefore be dismissed. At this stage of the proceedings the Court is reluctant to determine that claim 2 is legally insufficient and that the Growers may not proceed beyond the pleadings in an attempt to establish their claim.

ORDER GRANTING JUDICIAL NOTICE AND DENYING MOTIONS TO DISMISS~ 7

### III. CONCLUSION

On Defendants' Motion to Dismiss the Court may take judicial notice of contracts referred to in the Complaint and public records of the District Court without converting the motion to one for summary judgment. Under the liberal pleading requirements of Rule 8(a), the Complaint is not subject to dismissal. The Defendants' Motion to Dismiss must be denied as the Court determines that the Complaint is legally sufficient and entitles the Growers to proceed beyond the pleadings in an attempt to establish their claims. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion to Take Judicial Notice, filed September 4, 2009, **Ct. Rec. 14 is GRANTED.**

2. Defendants' Amended Motion to Dismiss Complaint, filed September 4, 2009, **Ct. Rec. 12** and Motion to Dismiss Complaint, filed September 3, 2009, **Ct. Rec. 6 are DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel of record.

**DATED** this 26th day of March, 2010.

*s/Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge
