UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALLEY FRUIT ORCHARDS, LLC, and GREEN ACRES FARMS, INC., <br><br>　　　　　　　Plaintiffs, <br><br>　v. <br><br>GLOBAL HORIZONS MANPOWER, INC., and MORDECHAI ORIAN, <br><br>　　　　　　　Defendants. | NO:  2:09-CV-03071-RMP <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAMAGES |

**I. INTRODUCTION**

Before the Court is Plaintiffs' motion for summary judgment (Ct. Rec. 53). The Defendants have not filed a response (Ct. Rec. 72). The Court has reviewed and considered Plaintiffs' motion (Ct. Rec. 53), Plaintiffs' memoranda (Ct. Recs. 54, 72), Plaintiffs' statement of facts (Ct. Rec. 55), the declaration of Justo G. Gonzalez and accompanying documents (Ct. Rec. 56), and the Court's notice to the *pro se* Defendants regarding summary judgment (Ct. Recs. 66, 67).

ORDER GRANTING SUMMARY JUDGMENT ~ 1

## II. BACKGROUND

This action arises out of the parties' joint and several liability in a prior judgment favoring a class of farm workers (Ct. Rec. 2-2 at 4-6). Plaintiffs seek indemnity and contribution arguing that all liability to the farm workers flows from the Defendants' alleged breach of contract (Ct. Rec. 2-2 at 6-7).

On January 12, 2011, Plaintiffs moved for summary judgment on liability and for partial summary judgment on damages (Ct. Rec. 53). The Court informed the Defendants of the summary judgment requirements approximately two months before the hearing date (Ct. Recs. 66 and 67). Specifically, the Court advised the Defendants: "if you do not file your response opposing the motion within 30 days . . . , your failure to file a response will constitute your consent to the Court, granting the motion." (Ct. Recs. 66 at 3; 67 at 3). Defendants did not respond to the motion (Ct. Rec. 72 at 2).

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the moving party must demonstrate the absence of a genuine dispute and the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

330 (1986).  The burden then shifts to the nonmoving party to set forth specific facts showing a genuine dispute for trial.  *See id.* at 324.  A court must view the evidence in the light most favorable to the nonmoving party.  *See Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000).

## IV. DISCUSSION

Plaintiffs claim they are entitled to summary judgment because they carried their burden in their memoranda and accompanying documents, and Defendants have not opposed the motion (Ct. Rec. 72 at 2-3).

A court "may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule."  *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). However, a court *may* treat noncompliance with local rules as consent to summary judgment when those local rules give the court discretion to do so.  *See Brydges*, 18 F.3d at 652 (affirming summary judgment where a *pro se* plaintiff "was warned of the consequence of his failure to respond" and the district court "deem[ed] his failure to respond a consent to the motion").

This Court's local rules provide that "failure to timely file a memorandum . . . in opposition to any motion may be considered by the Court as consent . . . to the entry of an Order adverse to the party in default."  LR 7.1(e).  Further, "[i]n

ORDER GRANTING SUMMARY JUDGMENT ~ 3

determining any motion for summary judgment, the Court may assume that the facts as claimed by the moving party are admitted to exist" where they are uncontroverted by the nonmoving party or the record. LR 56.1(d).

Here, the Court warned Defendants of the consequences of their failure to respond to Plaintiffs' summary judgment motion (Ct. Recs. 66 at 3; 67 at 3). The Defendants did not respond (Ct. Rec. 72 at 2). Accordingly, the Defendants have not contested the factual allegation submitted by Plaintiffs and have consented to entry of judgment. Based on the uncontroverted statements of material facts (Ct. Rec. 55 and 56) and memoranda of points and authorities (Ct. Rec. 54), the Court concludes that the undisputed facts establish as a matter of law that (1) Defendant Global Horizons breached its contracts with Plaintiffs; (2) such breaches entitle Plaintiffs to indemnity and contribution for damages flowing to Plaintiffs as a result; (3) damages flowing from the breach, so far, total $443,486.48, and (4) in addition to Global Horizons, Defendant Orian shall be held personally liable for such damages as the "alter ego" of Global Horizons.

Therefore, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion for Summary Judgment as to Liability and Motion for Partial Summary Judgment as to Damages (**Ct. Rec. 53**) is **GRANTED**;

2. The District Court Executive is hereby directed to enter JUDGMENT in

1     favor of the Plaintiffs;

2     3. Plaintiffs are **AWARDED** damages in the amount of $443,486.48.

3     **IT IS SO ORDERED**. The District Court Executive is hereby directed to

4 enter this Order and to furnish copies to counsel for the Plaintiffs and the

5 Defendants and **CLOSE this file**.

6     **DATED** this 22nd day of April, 2011.

                           *s/ Rosanna Malouf Peterson*
                           ROSANNA MALOUF PETERSON
                    Chief United States District Court Judge

ORDER GRANTING SUMMARY JUDGMENT ~ 5